GailAnn Y. Stargardter (Bar No. 250749)
gstargardter@lslawoffices.com
LEHAVI STARGARDTER, LLP
P.O. Box 5973
Orange, CA 92863
Telephone: 949.570.9575
Facsimile: 949.570.9580

Attorneys for Plaintiff ATAIN SPECIALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEC INDUSTRIAL SERVICES, a California corporation; WESTERN TUBE & CONDUIT CORPORATION, a California corporation; ZEKELMAN INDUSTRIES, INC., a Delaware corporation; ARTHUR ZIMMERMAN III, an individual; JESSICA ZIMMERMAN, an individual; KATHERINE ZIMMERMAN, an individual,<br><br>Defendants. | CASE NO.  5:23-cv-02372<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

COMES NOW Atain Specialty Insurance Company, and for its Complaint for Declaratory Relief and Reimbursement, alleges, as follows:

**JURISDICTION AND VENUE**

1.     Jurisdiction is founded upon Title 28 United States Code section 1332, as there is complete diversity of citizenship between Plaintiff and Defendants in this action and as the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has jurisdiction over the case under the Declaratory Judgment Act, 28 U.S.C.

section 2201.

2.      Venue is proper in the Central District of California pursuant to Title 28, U.S.C. section 1391(b)(1) and (c)(2), in that Defendant MEC Industrial Services ("MEC") is a California corporation with its principal place of business in Garden Grove, California; Western Tube & Conduit Corporation, a California corporation with its principal place of business in Chicago, Illinois; Zekelman Industries, Inc. is a Delaware corporation with a principal place of business in Chicago, Illinois; and Arthur Zimmerman III, Jessica Zimmerman, and Katherine Zimmerman all reside in San Bernardino, California and are subject to this Court's personal jurisdiction at the time this action is commenced. Venue is also proper in this district pursuant to Title 28 United States Code section 1391(b)(2) as the insurance contract was issued to MEC in California and the property where the underlying loss occurred is located in San Bernardino, California.

## **PARTIES**

3.      Plaintiff Atain Specialty Insurance Company ("Atain") is a corporation organized and incorporated under the laws of the State of Michigan, with its principal place of business in Farmington Hills, Michigan and is a surplus lines insurer approved by the California Department of Insurance.

4.      Defendant MEC Industrial Services ("MEC") is a corporation organized and existing under the laws of the State of California with its principal place of business in the city of Garden Grove, California.

5.      Defendant Western Tube & Conduit Corporation ("Western Tube") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Chicago, Illinois.

6.      Defendant Zekelman Industries, Inc. ("Zekelman") is a Delaware corporation with a principal place of business in Chicago, Illinois.

7.      Defendant Arthur Zimmerman III is an individual residing in San Bernardino County, California.

8.      Defendant Jessica Zimmerman is an individual residing in San Bernardino County, California.

9.      Defendant Katherine Zimmerman is an individual residing in San Bernardino County, California

## GENERAL ALLEGATIONS

**A.      The Underlying Action-Allegations in the Complaint**

10.     On April 26, 2023, Arthur Zimmerman III, Jessica Zimmerman and Katherine Zimmerman (collectively "Zimmerman Children") filed suit in Los Angeles County Superior Court, Case No. 23CMCV00585 ("Underlying Action") against Western Tube, Zekelman (referred to as "Hiring Defendants"), MEC, and others. A true and correct copy of the Complaint filed in the Underlying Action is attached hereto as **Exhibit A** and incorporated herein by reference.

11.     The Complaint asserts claims for the wrongful death of the Zimmerman Children's father, Arthur Zimmerman, Jr. ("Zimmerman").

12.     The Complaint alleges Hiring Defendants retained Zimmerman and his company, Zims, and MEC to transfer machinery and materials from the Western Tube facility located in Carson City to other facilities. MEC was hired to de-energize the facility. Zims was hired to dismantle and remove equipment from the facility.

13.     The Complaint alleges that neither Western Tube's electricians nor MEC performed the Lock Out/Tag Out ("LOTO") procedures on the mill components on which Zimmerman was to perform his operations and failed to provide warnings to Zimmerman that the equipment on which he was working was "live."

14.     The Complaint alleges that on January 27, 2023, Zimmerman, his son Arthur Zimmerman III and other Zims employees entered Mill No. 4 at the Carson City facility to remove the Pillar electrical cabinet which contained the circuit breakers for the electrical power to the induction heating system. Zimmerman believing the system was not live, removed a panel from the cabinet, and was electrocuted.

15.     The Complaint asserts a cause of action for Negligence against Hiring

Defendants and MEC.

16.    The Complaint asserts a cause of action against Hiring Defendants for Premises Liability against Hiring Defendants.

17.    The Complaint alleges MEC acted negligently and violated governmental safety regulations concerning the shut off of electricity before work is performed.

18.    As a result of Defendants negligence, Zimmerman was killed, and his children suffered and continue to suffer from the loss of his love, companionship, care, comforts, affection, society, solace and moral support.

19.    The cause of action for Premises Liability incorporates all of the preceding paragraphs in the Complaint, and asserts that as the owners/operators/managers of the premises Hiring Defendants had an obligation to maintain the premises in a safe condition and to warn of latent/concealed hazardous conditions.

20.    The cause of action for Premises Liability alleges that on January 27, 2023, Zimmerman was an employee of a contractor (Zims), and that Hiring Defendants owed Zimmerman, as an employee of one of its contractors, a duty of care to warn of latent/concealed hazardous conditions on the premises. Hiring Defendants failed to warn Zimmerman that the electricity to the Pillar Cabinet he had been instructed to remove had not been disconnected. The dangerous condition on the premises caused Zimmerman's death and caused his children to suffer and to continue to suffer from the loss of his love, companionship, care, comforts, affection, society, solace and moral support.

**B.    The Underlying Action – The Cross-Complaints**

21.    Western Tube, Zekelman and Lottes filed a Cross-Complaint for equitable, implied indemnity; contribution and apportionment; declaratory relief (duty to defend/indemnify) and breach of contract (failure to obtain insurance); and express indemnity against MEC.

22.    MEC filed a Cross-Complaint for implied equitable indemnity against Western Tube and Zekelman.

/ / /

Complaint for Declaratory Relief and Reimbursement                    4                    Case No. 5:23-cv-02372

**C.      Contracts Between The Parties**

23.      Hiring Defendants issued a Purchase Order to MEC. A true and correct copy of the Purchase Order is attached hereto as **Exhibit B**, and incorporated herein by reference.

24.      The Purchase Order includes the following conditions:

**13. PERSONAL INJURY, DEATH AND PROPERTY DAMAGE**. Seller shall indemnify and hold harmless Buyer from and against any and losses, claims, damages, liabilities and expenses of any kind or nature whatsoever, including attorneys' fees, which may arise out of, result from, or be reasonably incurred in connection with Seller's performance of and compliance with the provisions of this Purchase Order….

**14. INSURANCE**. Where fulfillment of this Purchase Order required Seller to perform work on Buyer's premises, Seller shall procure at its own cost and keep in force the following insurance, satisfactory to Buyer, as to form and limits of liability until completion and final payment hereunder:

a.      Workers Compensation Insurance as required by the Workman's Compensation laws of the state in which the work is being performed;

b.      Public Liability and Property Damage Insurance, including contractual liability insurance as required to cover liabilities assumed in Paragraph 13, and Automobile Liability and Property Damage Insurance if automobile, trucks, trailers or other vehicles are to be used.

Prior to the commencement of any work hereunder, evidence of such insurance in policy or certificate form shall be deposited with the Buyers' Accounting Department at the District or Division where the goods are to be delivered or the services are to be performed. Where

any part of this Purchase Order is to be performed by a subcontractor or (sic) Seller, evidence of such insurance on behalf of such subcontractor similarly shall be provided by Seller to Buyer.

**D.**    **Tender Of Defense To Atain**

25.    MEC tendered defense of the Complaint and Cross-Complaint to Atain.

26.    Atain accepted the defense of MEC subject to a full and complete reservation of rights, including its right to its right to file this action to seek a judicial determination of its rights and obligations under the policy and its right to seek reimbursement of all amounts paid to defend and indemnify MEC against the claims asserted in the Underlying Action. A true and correct copy of Atain's reservation of rights letter is attached hereto as **Exhibit C** and incorporated herein by reference.

27.    Atain appointed defense counsel and has begun to incur defense fees and costs relating to the Underlying Action.

28.    Western Tube tendered its defense to Atain. Atain rejected Western Tube's tender of defense as it is not an additional insured under Policy No. PRB13725.

**E.**    **The Atain Policy**

29.    Atain issued Policy No. PRB13725 to MEC for the policy period October 14, 2022 through October 14, 2023. A true and correct copy of Policy No. PRB13725 is attached hereto as **Exhibit D** and incorporated herein by reference.

30.    Policy No. PRB13725 provides general liability coverage under Commercial General Liability Coverage Form CG 00 01 (04/13), which includes the following Insuring Agreement:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or

"property damage" to which this insurance applies. We will

have the right and duty to defend the insured against any

"suit" seeking those damages. However, we will have no duty

to defend the insured against any "suit" seeking damages for

"bodily injury" or "property damage" to which this insurance

does not apply….

\* \* \*

31.   Commercial General Liability Coverage Form CG 00 01 (04/13), includes

the following Exclusions:

**2.   Exclusions**

This insurance does not apply to:

\* \* \*

**b.   Contractual Liability**

"Bodily injury" or "property damage" for which the insured is

obligated to pay damages by reason of the assumption of

liability in a contract or agreement. This exclusion does not

apply to liability for damages:

**(1)**   That the insured would have in the absence of the

contract or agreement; or

**(2)**   Assumed in a contract or agreement that is an "insured

contract", provided the "bodily injury" or "property

damage" occurs subsequent to the execution of the

contract or agreement. Solely for the purposes of

liability assumed in an "insured contract", reasonable

attorneys' fees and necessary litigation expenses

incurred by or for a party other than an insured are

deemed to be damages because of "bodily injury" or

"property damage", provided:

**(a)**   Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)**   Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

**e.**   **Employer's Liability**[1]

**1.**   "Bodily injury" to:

a.   any "employee", "temporary worker", "leased worker", or "volunteer worker" of any insured;

b.   any other person performing work or services for any insured; or

c.   any "subcontractor" or "independent contractor" or any "employee" of any "subcontractor" or "independent contractor"

arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

**2.**   Any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to anyone identified in paragraph 1. of this endorsement;

---

[1] As modified by Endorsement AF 000 839 (04/21)—**Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers or Volunteers**, which states: **I.** Exclusion **e., Employer's Liability** in Part 2, **Exclusions** of **SECTION I COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** is replaced by the following….

**3**.    "Bodily injury" sustained by the spouse, parent, brother, sister, companion or offspring of anyone identified in paragraph 1. of this endorsement;

**4**.    Contractual liability as defined in Section I - Exclusions, item 2 b. of the Commercial General Liability Coverage Form CG 0001.

\* \* \*

This exclusion applies to all causes of action arising, in whole or part, out of "bodily injury" to anyone identified in paragraph 1. of this endorsement, including care and loss of services.

When there is no coverage for any one insured under this endorsement, coverage is also excluded for any other insured (and section IV.7.b of form of the Commercial General Liability Coverage Form CG0001 shall not apply).

32.    Commercial General Liability Coverage Form CG 00 01 (04/13), includes the following Provisions:

**SUPPLEMENTARY PAYMENTS—COVERAGES A AND B**

**1**.    We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\* \* \*

**e**.    All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.[2]

\* \* \*

**2**.    If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

---

[2] As amended by Endorsement AF001007 (06/17), Paragraph XIII, 1. E.

**a.**   The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

**b.**   This insurance applies to such liability assumed by the insured;

**c.**   The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

**d.**   The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

**e.**   The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

\* \* \*

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments.

\* \* \*

33.   Commercial General Liability Coverage Form CG 00 01 (04/13), includes the following definitions:

**SECTION V – DEFINITIONS**

\* \* \*

**3.**   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**9.** "Insured contract"[3] means:

* * *

    **f.**    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent our assumption of tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement…

* * *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**22.** "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with

---

[3]As amended by Endorsement CG 24 26 (04/13).

Complaint for Declaratory Relief and Reimbursement      11      Case No. 5:23-cv-02372

respect to the fitness, quality, durability, performance or use of "your work"; and **(2)**    The providing of or failure to provide warnings or instructions.

34.    The policy includes the following Endorsement:

Endorsement CG 20 33 (04/13)—**ADDITIONAL INSURED— OWNERS, LESSEES OR CONTRACTORS—AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**.

This Endorsement Changes the Policy. Please Read It Carefully.

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.    Section II—Who Is An Insured**, is amended to include as an additional insured any person or organization for whom you are performing operations when you and any such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured under the policy. Such person or organization is an additional insured only with respect to liability for "bodily injury" "property damage or "personal and advertising injury" caused, in whole or in part, by:

**1.**    Your acts or omissions, or

**2.**    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured:

**1.**    Only applies to the extent permitted by law; and

**2.**    Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under

this endorsement ends when your operations for that additional insured are completed.

**B.**     With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

* * *

**2.**     "Bodily injury" or "property damage" occurring after:

    **a.**     All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

    **b.**     That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

**C.**     With respect to the insurance afforded to these additional insureds, the following is added to **Section III—Limits Of Insurance**:

The most we will pay on behalf of the additional insured is the amount of insurance:

**1.**     Required by the contract or agreement you have entered into with the additional insured; or

**2.**     Available under the applicable Limits of Insurance shown in the Declarations; whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

35.     The policy includes the following Endorsement:

**Endorsement AF 001 007 (06/17)—COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**

**This Endorsement Changes the Policy. Please Read it Carefully.**

\* \* \*

This endorsement modifies insurance provided under the following coverage parts if those coverage parts are included in your policy:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

\* \* \*

**VI.   PROFESSIONAL SERVICES EXCLUSION**

The following exclusion is added to Part **2. Exclusions** of **SECTION 1-COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Part **2. Exclusions** of **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** of the **COMMERCIAL GENERAL LIABILITY FORM.**

This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "occurrence", "suit", liability, demand or cause of action arising, in whole or part, out of any claim involving the rendering or failure to render any "professional service."

Further, when any insured has purchased or obtained errors and/or omissions coverage or any other type of professional insurance coverage and the claim, in any way arises, in whole or part, out of the services performed by any insured, there shall be no duty to defend or indemnify under this policy. Whether or not such E&O or any other professional coverage has been purchased or obtained, however, the first paragraph of this exclusion remains in full force and effect.

"Professional Service" includes, but is not limited to, any of the following: (1) accountant; (2) architect; (3) engineer; (4) insurance agent or broker; (5) lawyer; (6) any medical professional; (7) real estate agent or broker; (8) surveyor; (9) health inspector; (10) safety inspector; (11) any service where an insured is retained or asked to render an opinion, written or verbal, to a third-party; or (12) any other service that is of a professional nature, regardless of whether a license or certification is required.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – No Duty to Defend—MEC, Western Tube and Zekelman)

36.    For its First Cause of Action, Atain incorporates by reference, as if fully restated, paragraphs 1 to 35, above.

37.    Western Tube and Zekelman must prove the claims asserted against them in the Complaint filed by the Zimmerman Children and Cross-Complaint filed by MEC in the Underlying Action fall within the scope of the insuring agreements included in both the Commercial General Liability Coverage Form CG 00 01 (04/13) and Additional Insured Endorsement CG 20 33 (04/13).

38.    Western Tube and Zekelman qualify as additional insureds under Policy No. PRB13725 only if MEC, Western Tube and Zekelman, have agreed in writing, in a contract or agreement, that Western Tube and Zekelman be added as an additional insured under Policy No. PRB13725.

39.    Neither Western Tube nor Zekelman have satisfied their burden of proving the existence of a written contract or agreement between them and MEC requiring MEC to name Western Tube and/or Zekelman as an additional insured under Policy No. PRB13725.

40.    Because neither Western Tube nor Zekelman have met their burden of proving they qualify as an additional insured under Policy No. PRB13725, Atain has no obligation to defend Western Tube or Zekelman against the claims asserted in the

Complaint filed by the Zimmerman Children or the Cross-Complaint filed by MEC in the Underlying Action.

41.   Even assuming Western Tube and Zekelman met their burden of proving they qualify as additional insureds under Policy No. PRB13725, all potential coverage for the claims asserted against Western Tube and Zekelman in both the Complaint and Cross-Complaint is eliminated by Exclusion e. Employer's Liability.

42.   All potential for the claims asserted against MEC in the Complaint filed by the Zimmerman Children and in the Cross-Complaint filed by Western Tube and MEC in the Underlying Action is eliminated by the Professional Services Exclusion included in Endorsement AF 001 007 (06/17)—Combined Coverage And Exclusion Endorsement.

43.   Atain has no obligation to treat defense costs incurred by MEC in defending Western Tube or Zekelman under the indemnification provision in the Purchase Order because neither Western Tube, Zekelman nor MEC can meet their burden of proving the exception to the Contractual Liability Exclusion applies.

44.   Atain has no obligation to defend Western Tube or Zekelman under the Supplementary Payments provisions in Policy No. PRB13725 as Condition b., which requires that the insurance apply to the liability assumed by MEC, has not and cannot be satisfied.

45.   For the reasons set forth in Paragraphs 37 through 44 above, Atain contends that it has no duty to defend MEC, Western Tube or Zekelman against the claims asserted in the Complaint filed by the Zimmerman Children or in the Cross-Complaints they have filed against each other in the Underlying Action.

46.   Atain is informed and believes that MEC, Western Tube, and Zekelman dispute each of Atain's contentions and assert that Atain is obligated to afford them a defense to the claims asserted in the Complaint filed by the Zimmerman Children and Cross-Complaints they have filed against each other in the Underlying Action.

47.   Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to defend MEC, Western Tube, or Zekelman

with respect to any and all claims asserted against them in the Complaint or Cross-Complaints filed in the Underlying Action.

48.     Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury in that it has and will continue to incur defense costs and fees in defending against claims that are not covered under its policy. Such a declaration is appropriate in order that Atain, MEC, Western Tube and Zekelman may ascertain their respective rights and duties under the policy issued by Atain to MEC. Such controversy is incapable of resolution without judicial adjudication.

49.     If the Court determines that Atain owes a duty to defend either MEC, Western Tube or Zekelman under Policy No. PRB13725 for some, but not all, of the claims asserted against MEC, Western Tube and/or Zekelman, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any attorney fees, costs, or investigative fees and costs incurred by it.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – No Duty to Indemnify—MEC, Western Tube. Zekelman or the Zimmerman Children)

50.     For its Second Cause of Action, Atain incorporates by reference, as if fully restated, paragraphs 1 to 49, above.

51.     For the reasons set forth in Paragraphs 37-44 above, the Atain policy does not afford any coverage for any settlements that may be entered into to resolve the Underlying Action

52.     For the reasons set forth in Paragraphs 37-44 above, Policy No. PRB13725 does not afford any coverage for any settlement that may be entered into to resolve the Underlying Action or any judgment that may be entered against MEC, Western Tube and/or Zekelman in the Underlying Action.

53.     For the reasons set forth in Paragraphs 37-44 above, Atain has no obligation to satisfy any settlement that may be entered into to resolve the Underlying Action or any

judgment that may be entered against MEC, Western Tube and/or Zekelman in either the Complaint filed by the Zimmerman Children, or the Cross-Complaints filed against each other in the Underlying Action.

54.    For the reasons set forth in Paragraphs 37-44 above, Atain has no obligation to satisfy any settlement or judgment that may be entered in favor of the Zimmerman Children in the Underlying Action and which they may seek to enforce against Atain in an action to recover that judgment from Atain under Cal. Insurance Code section 11580, subdivision (b).

55.    An actual controversy has arisen and now exists between Atain, on the one hand, and MEC, Western Tube, Zekelman and the Zimmerman Children concerning their respective rights and duties under the Atain policy.

56.    Atain contends that it has no duty to indemnify MEC, Western Tube or Zekelman against any settlement or judgment that may be entered into in the Underlying Action or to satisfy any settlement or judgment the Zimmerman Children may receive in the Underlying Action and seek to enforce against Atain under Cal. Insurance Code section 11580, subdivision (b).

57.    Atain is informed and believes that MEC, Western Tube, Zekelman and the Zimmerman Children dispute each of Atain's contentions and assert that Atain is obligated to indemnify MEC, Western Tube, Zekelman against the claims asserted in the Underlying Action and to satisfy any settlements entered into by them, or judgments that may be entered against them in that Action, and that the Zimmerman Children contend Atain is obligated to satisfy any settlement or judgment they may obtain against MEC, Western Tube, and/or Zekelman in an action filed against Atain under Cal. Insurance Code section 11580, subdivision (b).

58.    Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to indemnify MEC, Western Tube, Zekelman and the Zimmerman Children against the claims asserted in the Underlying Action, to satisfy any settlements that may be entered into to resolve that Action, or to satisfy any

settlement or judgment that may be entered against MEC, Western Tube, and/or Zekelman in that Action and which and the Zimmerman Children may seek to enforce under Cal. Insurance Code section 11580, subdivision (b).

59.     Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury. Such a declaration is appropriate in order that Atain, MEC, Western Tube, Zekelman and the Zimmerman Children may ascertain their respective rights and duties under the Atain policy. Such controversy is incapable of resolution without judicial adjudication.

60.     If the Court determines that Atain owes a duty to indemnify MEC, Western Tube, Zekelman and the Zimmerman Children under Policy No. PRB13725, for some, but not all, of the claims asserted against MEC, Western Tube and Zekelman, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any settlements or judgments.

## **THIRD CAUSE OF ACTION**

### **(Reimbursement of Defense Fees and Costs And Amounts Paid To Indemnify– Against MEC)**

61.     For its Third Cause of Action, Atain incorporates by reference, as if fully restated, paragraphs 1 to 60, above.

62.     In light of the fact that all of the costs and fees incurred in the defense of MEC with respect to the claims asserted in the Underlying Action are not the responsibility of Atain inasmuch as there is no coverage for these claims under its policy, Atain is entitled to a full and complete reimbursement from MEC of all such fees, costs, paid, incurred, or to be incurred, in connection with the defense of these claims.

63.     In light of the fact that Atain has no obligation to indemnify MEC against the claims asserted against it in the Complaint filed by the Zimmerman Children or the Cross-Complaint filed by Western Tube and Zekelman, should Atain pay any sums to settle those claims Atain is entitled to full and complete reimbursement from MEC of all

such amounts paid to indemnify it in connection with these claims.

64.   Pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and other cases, Atain is entitled to recover damages from MEC by way of reimbursement of all defense fees and costs incurred or to be incurred in connection with the Underlying Action and any amounts paid by Atain to indemnify MEC against the claims asserted in the Underlying Action in a sum which will be proved at trial.

65.   If the Court determines there is coverage under Policy No. PRB13725 for some, but not all, of the claims asserted against MEC in the Underlying Action, Atain is entitled to and desires an allocation between covered and non-covered claims, if any.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Atain prays for relief as follows:

1.   For the First Cause Of Action:

For a judgment that, by reason of the terms, conditions, and exclusions in Policy No. PRB13725, no duty to defend is owed to MEC, Western Tube and/or Zekelman with respect to any claims asserted against them in the Complaint filed by the Zimmerman Children or the Cross-Complaints MEC, Western Tube and Zekelman have filed against each other in the Underlying Action, as set forth in the First Cause of Action;

2.   For the Second Cause of Action:

a.   For a judgment that, by reason of the terms, conditions, and exclusions in Policy No. PRB13725, no duty to indemnify is owed to MEC, Western Tube and/or Zekelman with respect to any claims asserted against them in the Complaint filed by the Zimmerman Children or the Cross-Complaints MEC, Western Tube and Zekelman have filed against each other in the Underlying Action, as set forth in the First Cause of Action; and

b.   For a judgment that by reason of the terms, conditions, and exclusions in Policy No. PRB13725, Atain has no obligation to satisfy any settlement or judgement entered in the Underlying Action that the Zimmerman Children may seek to enforce

against Atain under Cal. Insurance Code section 11580, subdivision (b), as set forth in the First Cause of Action;

    3.    For the Third Cause of Action:

    a.    For a judgment that Atain is entitled to reimbursement from MEC for any and all sums expended in defense of the claims asserted in the Underlying Action, as set forth in the Third Cause of Action; and

    b.    For a judgment that Atain is entitled to reimbursement from MEC for any and all sums expended to indemnify it against the claims asserted in the Underlying Action, as set forth in the Third Cause of Action;

    4.    If this Court declares that Policy No. PRB13725 applies to some but not all of the claims asserted against MEC, Western Tube and Zekelman in the Underlying Action, Atain seeks a declaration allocating between covered and non-covered claims all fees, costs, expenses, settlements and/or judgments made in connection with the claims asserted in the Underlying Action;

    5.    For an Order authorizing Atain to immediately withdraw from its defense of MEC in the Underlying Action;

    6.    For interest, including prejudgment interest on all defense fees and costs;

    7.    For interest, including prejudgment interest on all sums paid to indemnify MEC;

    8.    As to all causes of action, for costs herein; and

    9.    For such other and further relief as this Court deems just and proper.

Dated:   November 20, 2023

LEHAVI STARGARDTER, LLP

By:   */s/ GailAnn Y. Stargardter*

GailAnn Y. Stargardter
Attorneys for Plaintiff ATAIN SPECIALTY INSURANCE COMPANY