JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 23-2372 JGB (SPx) | Date | August 15, 2024 |
| Title | *Atain Specialty Insurance Company v. MEC Industrial Services, et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):　　　　　Attorney(s) Present for Defendant(s):

　　　　　None Present　　　　　　　　　　　　　　　None Present

**Proceedings:** Order (1) GRANTING Defendants' Motion to Stay (Dkt. No. 42); and (2) VACATING the September 9, 2024 Hearing (IN CHAMBERS)

Before the Court is defendants' motion to stay ("Motion," Dkt. No. 42.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion to stay. This matter is hereby **STAYED** in its entirety. The September 9, 2024 hearing is **VACATED**.

## I. BACKGROUND

On November 11, 2023, plaintiff Atain Specialty Insurance Company ("Plaintiff") filed a complaint against defendants Arthur Zimmerman III, Jessica Zimmerman, and Katherine Zimmerman (collectively, the "Zimmermans"), along with MEC Industrial Services ("MEC"), Western Tube & Conduit Corporation ("Western Tube"), and Zekelman Industries ("Zekelman") (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) Plaintiff seeks declaratory relief and reimbursement from Defendants. (Complaint.) On July 8, 2024, the Zimmermans filed this Motion to stay the instant case pending the resolution of the underlying state court action.[1] (See Motion.) On July 18, 2024, MEC filed a notice of non-opposition to the Motion and stated that it favored the Motion. (Dkt. No. 43.) On July 22, 2024, Western Tube

---

[1] On April 26, 2023, the Zimmermans filed an action in the Superior Court for the County of Los Angeles (Case No. 23-CMCV-00585) against Western Tube, Zekelman, MEC and others ("State Court Action"). (Motion at 1-2.)

and Zekelman filed a notice of joinder to the Motion and requested that the Court grant the Motion. (Dkt. No. 44.) On July 29, 2024, Plaintiff opposed the Motion. ("Opposition," Dkt. No. 45.) On August 5, 2024, the Zimmermans replied. ("Reply," Dkt. No. 46.)

## II.   LEGAL STANDARD

In general, "[w]hether or not to grant a stay is within the court's discretion[,] and it is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

## III.   DISCUSSION

The Zimmermans seek a stay of the instant action because the State Court Action involves overlapping issues. (Motion at 4.) They contend that the instant declaratory relief action turns on the determination in the State Court Action and that granting a stay would "eliminate the risk of inconsistent factual determinations that could prejudice the insured." (Id. at 5.) Plaintiff opposes on the grounds that the issues presented in the instant action do not overlap with the liability issues presented in the underlying action. (Opposition at 9-10.) The Court disagrees and finds sufficient overlapping issues to warrant a stay. (See Reply.) In the interest of judicial economy and consistency, the Court finds it appropriate to stay this matter in its entirety pending the outcome of the State Court Action. For the foregoing reasons, the Court **GRANTS** the Motion to stay and **STAYS** the instant action pending resolution of the State Court Action.

## IV.   CONCLUSION

For the reasons above, the Court orders the following:

1. Defendants' Motion to stay is **GRANTED**.
2. All further proceedings in this action are **STAYED** pending resolution of the State Court Action.
3. Defendant is **ORDERED** to file a status report on **November 8, 2024**, and every **60 days** thereafter describing any developments in the State Court Action pertinent to the stay, including, but not limited to, the current status of the matters, the estimated time remaining until the resolution of the matters, and any upcoming dates and deadlines relevant to the matters.
4. The September 9, 2024 hearing is **VACATED**.
5. The Clerk is **DIRECTED** to administratively close this case.

**IT IS SO ORDERED.**